IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jermaine White, Jr., | ) | |
| | ) | CASE NO. 1:25 CV 1155 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| | ) | |
| Judge Thomas F. O'Malley, *et al*., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

*Pro se* Plaintiff Jermaine White, Jr., filed this civil rights action relating to the issuance and enforcement of a child support order issued by an Ohio state court in 2017. (Doc. 1.) He names as defendants: Judge Thomas F. O'Malley of the Cuyahoga County, Ohio, Court of Common Pleas Juvenile Division; Marlia Hall, the mother of Plaintiff's children; the Cuyahoga County Child Support Enforcement Agency (CSEA); the Cuyahoga County Office of Child Support Services (OCSS); Bank of America; Progressive Insurance; Mercy Health–Tiffin Hospital (Mercy Health); Oakwood Enrichment Child Care Center (Oakwood); and John and Jane Does 1-5. (*Id*. at 2-3.) Plaintiff seeks declaratory judgment, money damages, and injunctive relief. (*Id*. at 4.) For the following reasons, Plaintiff's complaint is dismissed.

### BACKGROUND

Plaintiff's complaint provides little factual or legal argument supporting his claims. As best the Court can discern, he is challenging the validity and enforcement of a child support order issued on June 15, 2017, by Judge Thomas O'Malley. (*Id*. at 3.) He asserts six claims alleging

that: (1) defendants O'Malley, Hall, CSEA, and OCSS violated his due process rights by denying him proper service, notice, a hearing, and "lawful process," and by enforcing "void orders"; (2) defendants O'Malley and CSEA violated his equal protection rights through the "[s]ystematic and biased disregard of [his] parenting and constitutional rights"; (3) defendants CSEA and OCSS violated his "right to Contract and Privacy" by "interfer[ing] with [his] right to private support"; (4) defendants OCSS, Bank of America, and Progressive Insurance subjected him to involuntary servitude through "[i]llegal wage garnishments and coercive enforcement actions, such as threats of license suspension and passport seizure; (5) all defendants conspired to "[i]nterfere" with his civil rights; and (6) defendants Hall, Oakwood, Mercy Health, Bank of America, and Progressive Insurance committed negligence, fraud, and abuse of process under Ohio law through conduct including "[c]oncealment of children, defamation, emotional distress, false reporting, and fraudulent enforcement." (*Id*. at 3-4.)

Plaintiff seeks for relief: a declaratory judgment that the child support order at issue is "void ab initio"; injunctive relief to bar further enforcement of the order; money damages; and permanent restraining orders against all defendants "involved in ongoing defamation and interference." (*Id*. at 4.)

## ANALYSIS

P*ro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, district courts may conduct a limited screening procedure and dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal

on a *sua sponte* basis also is authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). Plaintiff's complaint fails to meet these standards.

First, the Eleventh Amendment bars suits against a state or its agencies unless the state consents to suit or Congress abrogates Eleventh Amendment immunity. Additionally, judicial officers are absolutely immune from civil suits for money damages. *E.g., Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff has not alleged any facts showing that Judge O'Malley meets either of these exceptions, and he is immune from this action. Eleventh Amendment immunity also extends to state court judges and county agencies, such as defendants CSEA and OCSS. *See, e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Barton v. Summers*, Nos. 00–5942, 00–6282, 2002 WL 1290185, at *2 (6th Cir. June 13, 2002); *Foster v. Cuyahoga Cty. Child Support Enf't Agency*, No.1:19 CV 1571, 2019 WL 6841773, at *2 (N.D. Ohio Dec. 16, 2019) (CSEA is not sui juris and,

therefore, cannot be sued in its own right).  Thus, because O'Malley, CSEA, and OCSS lack the capacity to be sued, Plaintiff's first through fifth grounds for relief must be dismissed as to those defendants.

Defendants Hall, Oakwood, Mercy Health, Bank of America, and Progressive Insurance also are not subject to suit under § 1983, the basis of Plaintiff's first through fourth grounds for relief, because they are private, non-governmental actors.  To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *E.g., Parratt v. Taylor,* 451 U.S. 527, 535 (1981).  Generally, to be considered to have acted "under color of state law" for purposes of § 1983, a person must be a state or local government official or employee.  A private party may be found to have acted under color of state law only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual also may be considered a state actor if he or she exercises powers traditionally reserved to a state.  *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974). Defendants Hall, Oakwood, Mercy Health, Bank of America, and Progressive Insurance are private parties and Plaintiff has alleged nothing to demonstrate that any one of them has exercised governmental powers.  Plaintiff, therefore, has not stated a viable § 1983 claim against these defendants in his first through fourth grounds for relief, and those grounds are dismissed as to those defendants as well.

In addition, Plaintiff fails to establish the liability of the non-governmental defendants under his fifth ground for relief, asserting a violation of § 1985.  To prevail under § 1985, a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the

equal protection of the laws and committed an act in furtherance of the conspiracy, which was motivated by racial or other class-based invidiously discriminatory animus. *E.g., Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges only that there was "coordination" among all the defendants to "strip" him of his constitutional rights. (Doc. 1 at 4.) Plaintiff's fifth ground for relief, therefore, is entirely conclusory, stating no plausible ground upon which to assert a § 1985 claim. *See, e.g., Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegation or unwarranted conclusions in determining whether a complaint states a claims for relief); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior).

Finally, Plaintiff's remaining claim, his sixth ground for relief, also must be dismissed as it is based entirely on state law. Where a district court "has dismissed all claims over which it has original jurisdiction," it is appropriate for the court to decline to exercise supplemental jurisdiction over related state-law claims. 28 U.S.C. § 1367(c)(3). As Plaintiff fails to state a claim under § 1983 or § 1985 upon which relief may be granted, his remaining state law claims must be dismissed.

## CONCLUSION

Accordingly, Plaintiff's complaint (Doc. 1) is dismissed. The Court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 8/25/25

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
U.S. DISTRICT JUDGE